**[J-40-2025] [OAJC: Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| NICOLE R. BREDBENNER | : | No. 53 MAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Superior Court at No. 19 MDA 2023, |
| | : | entered on August 15, 2023, |
| | : | Vacating and Remanding the Order |
| MICHAEL HALL, SR. | : | of the Lebanon County Court of |
| | : | Common Pleas, Domestic Relations, |
| | : | at Nos. 2015-5-0577 and PACSES |
| APPEAL OF: LEBANON COUNTY | : | 257115382, entered on December |
| DOMESTIC RELATIONS OFFICE | : | 2, 2022 |
| | : | |
| | : | ARGUED: May 14, 2025 |

**CONCURRING OPINION**

**JUSTICE BROBSON**                 **DECIDED: March 26, 2026**

I agree with the Opinion Announcing the Judgment of the Court (OAJC), as well as Chief Justice Todd, that there is a lack of record evidence to support a finding that Michael Hall, Sr., had the ability to satisfy the trial court's order for the immediate payment of $2,000 in child support arrearages as a purge condition in this civil contempt proceeding. For that reason, and that reason alone, I agree with the OAJC's mandate to affirm the Superior Court's disposition below. I write separately, as I believe the OAJC and the Chief Justice incorrectly impose evidentiary burdens on the parties.

We accepted review in this case to consider the issue of:

Where a contemnor, after a finding of contempt, posits that he is unable to pay a purge, does the contemnor waive the issue if he fails to proffer affirmative proof of his financial circumstances?

*Bredbenner v. Hall*, 322 A.3d 1287 (Pa. 2024) (per curiam). In my opinion, this question must be answered in the negative because the contemnor does not have a burden to

prove that he has the present ability to pay the purge condition; unlike the OAJC, however, I also do not believe that the burden to demonstrate such a present ability to pay belongs to the party petitioning for contempt—*i.e.*, the obligee or the county domestic relations office/section. While the positions of the parties relative to the purge condition may be insightful, the responsibility to ensure that it is legally valid lies with the court because, ultimately, courts, not parties, are the ones that have the power to enforce their orders. *See Commonwealth v. Bowden*, 838 A.2d 740, 760 (Pa. 2003) ("Courts possess an inherent power to enforce their orders by way of the power of contempt.")

As the OAJC points out, contempt can be civil in nature, so as to coerce compliance, or criminal in nature, so as to punish and vindicate the court's authority. (*See* OAJC at 2 (citing *Barrett v. Barrett*, 368 A.2d 616, 619-20 (Pa. 1977); and *Cnty. of Fulton v. Sec'y of Commonwealth*, 292 A.3d 974, 1004 (Pa. 2023)).) When a court chooses the civil form of contempt to enforce its orders and decides to impose a period of incarceration on the contemnor to coerce compliance, the court must set a purge condition to allow the contemnor to avoid jail. *See Knaus v. Knaus*, 127 A.2d 669, 674 (Pa. 1956) (explaining courts must clearly set forth what contemnor must do to satisfy purge condition and determine that it is within contemnor's power to complete). This purge condition can, but need not, involve the payment of money. *See, e.g.*, *Muraco v. Pitulski*, 368 A.2d 624 (Pa. 1977) (involving monetary purge condition); and *In re Martorano*, 346 A.2d 22 (Pa. 1975) (involving non-monetary purge condition—*i.e.*, requirement that contemnor testify before grand jury). Regardless, in setting the purge condition, *the court* must be "convinced [b]eyond a reasonable doubt, from the totality of the evidence before it," that the purge condition is one that the contemnor has the ability to satisfy, be it the payment of money, the production of documents, or something else. *Barrett*, 368 A.2d at 621.

The court is free, of course, to seek the insight of the parties through an evidentiary proceeding. Indeed, as stated above, *Barrett* mandates that the court's purge condition be supported by "the totality of the evidence before it." *Id.* Additionally, as the Chief Justice points out, Pennsylvania Rule of Civil Procedure (Rule) 1910.25(b) provides a form order that a petitioning party is required to provide to the court when petitioning for civil contempt in a support action. That order, when issued by the court, requires an obligor to bring various documents to the contempt hearing, including recent pay stubs, payroll addresses, and "[a]ny other documentation relevant to [the] case and the issue of contempt as stated in the petition." Pa.R.Civ.P. 1910.25(b). I agree with the Chief Justice that courts should utilize this rule, and other rules of civil procedure, to ensure that there is sufficient evidence in the record to establish that a contemnor has a present ability to satisfy a court-imposed purge condition. I disagree, however, with the Chief Justice's view that this rule, and the overall procedure for civil contempt hearings in the context of support matters, justifies an understanding that the contemnor has an initial burden of production. A contemnor that fails to bring the documentation required by the order proscribed in Rule 1910.25(b) to the contempt hearing does not fail to satisfy an initial burden of production but, rather, simply disobeys a court order. The court, based on that disobedience, would be permitted to use civil contempt to coerce the contemnor to produce such documents.

In my view, it is unnecessary, and improper, to assign to any party a burden of proof, production, and/or persuasion under *Barrett* when a trial court sets a purge condition to avoid incarceration. Placing an evidentiary burden on either the petitioning party or the respondent would ignore that it is the responsibility of the court to ensure that a contemnor is capable of complying with a purge condition; that burden rests solely on the court that is utilizing its discretionary power. To the extent any party wishes the court

to reach a certain conclusion with respect to the purge condition, the party should place supporting evidence into the record. If the court finds the record supplied by the parties inadequate to establish a purge condition that complies with *Barrett*, it simply has two choices—(a) take incarceration off the table, or (b) compel the parties to present additional evidence to aid the court in satisfying *Barrett*.

For these reasons, I concur in the OAJC's result only.